UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-50069 |
| VERSUS | JUDGE HICKS |
| ARTEMUS SAMUEL CROW | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Before the court is Defendant's Motion to Suppress (Doc. 13). The issues presented in Defendant's Motion to Suppress are (1) whether the state search warrant for Defendant's home was supported by probable cause; and (2) if not, whether the good faith exception to the exclusionary rule applies. A hearing was scheduled on Defendant's motion on October 15, 2007. At the hearing, however, the parties agreed to submit the motion for determination based on the search warrant and supporting affidavit, which were offered into evidence as Joint Exhibit 1. For the reasons that follow, the undersigned finds that (1) the search warrant for Defendant's home was supported by probable cause and (2) the officers executed the search warrant in objective good faith. Therefore, Defendant's Motion to Suppress should be denied.

**Search Warrant**

On January 26, 2007, Judge Parker Self of the 26th Judicial District Court, Webster Parish, Louisiana, executed a search warrant for the search of Defendant's residence located

at 210 East Road, Cullen, Louisiana. The warrant authorized the search of Defendant's residence for any controlled dangerous substances, U.S. currency, drug paraphernalia, and other listed items consistent with drug trafficking.

The affidavit in support of the search warrant consists of three pages. Page one identifies the affiant, Sgt. Shawn Baker, a narcotics investigator with the Webster Parish Sheriff's Office, and the location of Defendant's residence. It also sets forth the items sought in the warrant. Page two describes Sgt. Baker's professional experience and expertise as a police officer and narcotics investigator. The third and final page contains, among other things, Paragraph "G," which sets forth all of the particular facts relied upon by the Government to show probable cause for the search of Defendant's residence. That paragraph provides, in full, as follows:

> "G.  That on the date of December 06, 2006 at approximately 1400 hours, the Webster Parish Sheriff's Office Narcotics Task Force met with CI-45-TF at an undisclosed location in Cullen La. CI-45-TF was wired with an audio and video camera designed to capture illegal narcotic sales. CI-45-TF was supplied twenty dollars from the narcotic buy fund and was to travel to 210 East road in Cullen La. And attempt to purchase cocaine. At approximately 1437 hours the informant made contact with Toriano Hargrove at 210 East road and purchased one rock of crack cocaine for the sum of ($20.00.)
>
> On the date of December 07, 2006 Task force agents sent CI-45-TF back to 210 East road and made contact with Artemus Crow the owner of the residence. CI-45-TF purchased $50.00 worth of crack cocaine from Crow.

> On the date of December 08, 2006 CI-45-TF returned back to the residence and purchased $20.00 worth of crack cocaine from Artemus Crow captured on audio and video DVD.
>
> On the date of January 25, 2006 [sic 2007] at approximately 1940 hours CI-45-TF contacted this investigating officer and stated that Artemus Crow had received a large quantity of crack cocaine. CI-45-TF informed this officer that Crow was pre-packaging the crack cocaine for sale at his residence located at 210 East road in Cullen La."[1]

**Defendant's Arguments**

Defendant argues that the application for the warrant is so lacking in indicia of probable cause as to render belief in the existence of probable cause unreasonable. Defendant recognizes that Paragraph "G" of the application sets forth controlled buys from Defendant's residence on December 6, 7 and 8, 2006, but Defendant argues that the CI's observations reported to law enforcement on January 25, 2007, concerning Defendant's receipt of a large quantity of crack cocaine for sale at his residence, does not support probable cause. Defendant argues that the prior transactions were over a month old at the time of the January 25, 2007 report of the CI and that there is nothing in Paragraph "G" or elsewhere in the application that establishes the reliability of the CI or the January 25, 2007 information. Accordingly, Defendant concludes that probable cause did not exist to search

---

[1] Paragraph G is one long paragraph. The undersigned added the line spaces to the above quote to improve the readability of the paragraph.

his residence and that the bare bones nature of the affidavit bars the application of the good faith exception of United States v. Leon, 468 U.S. 897 (1984).

**Law and Analysis**

Probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts and is not readily, or even usefully, reduced to a neat set of legal rules. Illinois v. Gates, 462 U.S. 213, 232 (1983). It exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Newman, 472 F.3d 233, 237 (5th Cir. 2006).

When the challenged search is conducted pursuant to a warrant, the court must also determine whether the officers acted in objective good faith in executing the warrant. Under the good faith exception of Leon, evidence obtained during the execution of a warrant later determined to be deficient is admissible nonetheless, so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith. United States v. Ramirez, 2007 WL 2695604 *2 (5th Cir. 2007); United States v. Spell, 215 Fed.Appx. 378, 380 (5th Cir. 2007)("Under the good-faith exception, 'evidence will be admitted if it is obtained by officers acting in objectively reasonable reliance on a search warrant issued by a magistrate judge.'").

In Leon, the Supreme Court listed four circumstances in which a police officer would have no reasonable grounds to believe that a warrant was properly issued. First, the good faith exception to the exclusionary rule would not apply if the judge issuing the warrant is

misled by information in an affidavit that the affiant knows is false or would know as false but for his reckless disregard of the truth. Second, the exception would not apply in cases where the issuing judge wholly abandons his judicial role. Third, an officer would not manifest good faith in relying on the warrant based on a bare bones affidavit, which is an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Finally, a warrant may be so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume the warrants to be valid. Leon, 468 U.S. at 923.

When a warrant is supported by more than a "bare bones" affidavit, officers may rely in good faith on the warrant's validity. United States v. Satterwhite, 980 F.2d 317, 321 (5th Cir. 1992). Bare bones affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a judge can independently determine probable cause. Id. Examples of bare bones affidavits include those that merely state that the affiant "has cause to suspect and does believe" or "has received reliable information from a credible person and does believe" that contraband is located on the premises. United States v. Brown, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991).

The undersigned finds that the affidavit was not a bare bones affidavit and that the information contained therein was sufficient to support Judge Self's probable cause

determination. Paragraph "G" of the application described three recent[2] controlled purchases of narcotics from Defendant's residence by the CI. Two of those transactions were captured with an audio and video recording device. On January 25, 2007, that same CI (identified in the affidavit as CI-45-TF) contacted Sgt. Baker and reported that Defendant had received a large quantity of crack cocaine and was pre-packaging the cocaine for sale at his residence. Based on the three prior transactions involving that CI at the residence, and the CI's additional information provided on January 25, 2007, there was a fair probability, based on the totality of the circumstances, that contraband or evidence of a crime would be found at Defendant's residence. Illinois v. Gates, 462 U.S. at 241. Thus, the affidavit was sufficient to furnish probable cause to obtain the search warrant. Furthermore, the undersigned finds that officers were objectively reasonable in executing a facially valid search warrant at a residence from which three recent controlled purchases of crack cocaine had been made. Spell, 215 Fed.Appx. at 381 ("When, as here, a warrant affidavit is not facially invalid, 'it is impossible to argue ... that an officer's reliance on it could be unreasonable.'").

Accordingly,

**IT IS RECOMMENDED** that Defendant's **Motion to Suppress (Doc. 13)** be **denied**.

---

[2] Defendant's brief challenges the information regarding the prior sales as stale. However, in granting the search warrant, Judge Self implicitly determined that the information was sufficiently recent to support probable cause. The officer's reliance on that determination was objectively reasonable. See, e.g., United States v. Ramirez, supra at *3.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **ten (10) business days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **five (5) business days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 17th day of October, 2007.

                                        MARK L. HORNSBY
                                    UNITED STATES MAGISTRATE JUDGE